IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION

LEROY KING, on his own
behalf and others similarly situated,

    Plaintiff,

v.

PUFF N STUFF CATERING, LLC.

    Defendant.
_____/

Case Number  12  009894

DIVISION D

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, LEROY KING ("Plaintiff"), (on his own and on behalf of others similarly situated) was an employee of Defendant, "PUFF N STUFF CATERING, LLC." (hereinafter "DEFENDANT" or "EMPLOYER"), a Florida for profit corporation and brings this action for unpaid wages, liquidated damages, attorney fees/costs and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff worked as an hourly worker for Defendant.

2. Defendant, EMPLOYER, is a for profit corporation that operates and conducts business in, among others, HILLSBOROUGH County, Florida, and is therefore, within the jurisdiction of the Court. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways and byways and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida. In addition, Defendant sells and maintains food and related items to third party customers and uses products from outside of the State of Florida to be consumed by Defendant's third party customers, who are composed

of business and individuals domiciled in the State of Florida and also out of the State of Florida. Likewise, Defendant is an employer under 29 U.S.C. 1001-1140. Plaintiff's duties involved interstate commerce, including transporting products for Defendant's customers and using the telephone and fax machines to conduct business on behalf of Defendant during the course and scope of Plaintiff's work for Defendant.

3. This action is brought under the FLSA to recover from Defendant, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for the Defendant at any time within the past three (3) years.

4. The Court has jurisdiction over Plaintiff's claims as all material events occurred in HILLSBORUGH County as a primary place, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA and Article X, Section 24 of the Florida Constitution.

5. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). In fact, Defendant is a large food services care provider that routinely conducts commerce both in and out of the State of Florida and which, upon information and belief has grossed over $500,000.00 in revenue in the twelve months prior to the institution of this complaint.

6. At all material times relevant to this action, Plaintiff, in his capacity as an employee, was individually covered by the FLSA. Plaintiff routinely dealt with the instrumentalities of commerce, including but not limited to telephones, computers, data transmission lines on behalf of both individuals and even delivering product on the

highways and by-ways. Plaintiff did not exercise any substantial discretion in the exercise of his job duties from April 2011 through his date of termination, August 2011. Plaintiff's job duties required more than routine driving of a van. Plaintiff spent a substantial amount of time cleaning and organizing Defendant's products and preparatory items from Defendant's warehouse to various special events. Plaintiff did not supervise more than two full time employees. Plaintiff did not have hire or fire authority. Plaintiff did not direct the work of subservient employees. All decisions of this nature were made by Plaintiff's superiors.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during him employment. In fact, Defendant failed to pay Plaintiff for approximately $1,200.00 dollars of overtime during his period of employment. (See, Attachment A). Plaintiff made written claims for the alleged wages on one occasion. Defendant did not dispute Plaintiff's allegations regarding unpaid wages.

8. During their employment with Defendant, Plaintiff, and those similarly situated to him, were not paid for all time worked during one or more work weeks. Specifically, Defendant failed to pay Plaintiff and those similarly situated to him for all of the hours that Plaintiff worked and the bulk of these hours are reasonably believed to constitute "overtime" hours at a rate of $15.00.

9. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to him, true hours of work. Defendant did not substantively respond to written demands for payment

of unpaid wages and minimum wages and overtime wages (compensation) made by the named Plaintiff and on behalf of the named Plaintiff. (See attached "A"). Defendant did not object to the quantum or legitimacy of hours worked by Plaintiff (as of June 13, 2012) and sought by the named Plaintiff. Defendant did not turn over any documentation that may have assisted Plaintiff in providing a more specific demand or any specifics with regard to how Plaintiff could have been an exempt employee under the Fair Labor Standards Act.

10. The amount of wages owed only to the named Plaintiff are reasonably believed to be, individually, in excess of fifteen thousand dollars, when liquidated damages are included into the equation along with the damages of other similarly situated employees. The extent to which other similarly situated workers may be owed wages under the FLSA has yet to be determined, but are reasonably believed to exceed fifteen thousand dollars. To the extent that relevant documents exist, such are believed to be in the exclusive possession of Defendant, however Defendant has not produced any documentation relating to this claim.

## COUNT I – RECOVERY OF OVERTIME WAGES

11. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10, above.

12. Plaintiff, and those similarly situated to him, are/were entitled to be paid their regular rate of pay for each hour worked per work week. During their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked hours for each week and were not paid even minimum wages for said time.

13. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, their correct rate of pay for each hour worked work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

14. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FLSA.

15. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages as well as attorney fees and costs and such other further relief as this Court deems just and proper. I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY _____

Leroy King

DATED this _13_ day of June 2012.

_____
W. John Gadd, Esq.
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email –
   wjg@mazgadd.com

# Attachment A

May 17, 2012

Puff N Stuff Catering, LLC.
250 Rio Drive
Orlando, Florida 32810-6285

    *Re: Unpaid Wages and Tips*

Dear Sirs:

I worked for your company from approximately April 2011 through August 29, 2011. I worked in a labor position performing catering duties. Your company employees at least fifty persons, most of whom are in labor positions just like me. Your company provides catering services throughout the State of Florida and uses food items and cleaning items that are derived from out of the State of Florida for the purpose of serving and tending to your clients. In addition, your company process payments electronically and relies on products being shipped from other states.

Anyway, during the time that I worked for your company, I was not paid for all of the time that I worked. I was not paid for the time spent in getting products and preparatory items from the warehouse in Tampa to the various events. We were not paid for the travel time from the warehouse to the event either. It is my understanding that hourly labor employees such as myself are supposed to be paid for not only the prep time in gather the products and food items, but also for the travel time in going to the events. To make matters worse, your company never accurately recorded our time and there was not time card machine or anything like that, it was just pieces of paper that we would hand in to our supervisors. This created a bad situation because myself and others were not being paid for all the time that we worked. If you consider that we worked an average of at least three days per week and that we were shorted two hours per day at a rate of pay of $10.00 per hour times five months that equates to $1,200.00 or more, especially if the amount is calculated at a time and a half rate as I believe the bulk of these hours would probably constitute overtime hours in light of the fact that our shifts were quite long. This type of shaving of the hours, really adds up to the benefit of the company when you consider how many employees were being shorted. In addition, we did not receive our full tips. The tips that we earned were confiscated by your company and held in secret and then, in a piecemeal fashion, disbursed, by only partly. At one point we were told that the tips were being held into a special account for employees such as myself and that one day we would get a big check. Of course that never happened. The tips were simply taken from us without our permission and there was never any kind of breakdown or accounting provided.

I am asking for payment of $1,200.00 for the hours that I worked without pay within five days of your receipt of this letter. I am also requesting that you provide me with my payroll documentation and my any time keeping data you have so that I can provide an

even more precise estimate. Your company is in charge of all the pertinent records and I am not seeking to be paid for anytime that I did not work, but only those hours that I worked without getting paid. In addition, I am asking you to provide all of the documentation you have in your possession regarding the tips that were collected during my employment on the jobs that I worked. Again, I am asking for this information within the next five days.

Sincerely,

Leroy King
13007 Leeds Court
Apt. D10
Tampa, Florida 33612